10-0737-cv; 10-0793-cv
Job Opportunities for Women, Inc. v. Carolina Cas. Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of October, two thousand ten.

PRESENT: DENNIS JACOBS,
                         Chief Judge,
        WILFRED FEINBERG,
        JOSÉ A. CABRANES,
                         Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Job Opportunities for Women, Inc.,
        Appellee/Cross-Appellant,

                                        10-0737-cv
        -v.-                            10-0793-cv

Carolina Cas. Ins. Co.,
        Appellant/Cross-Appellee.

- - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:    Emanuel R. Gold, Law Offices of
                            Emanuel R. Gold, Forest Hills,
                            New York.

1

**APPEARING FOR APPELLEE:**     Thomas D. Czik, Law Offices of Thomas D. Czik, Roslyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Levy, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant/Cross-Appellee Carolina Casualty Insurance Company ("Carolina") and Appellee/Cross-Appellant Job Opportunities for Women, Inc. ("JOW") challenge the January 29, 2010 judgment of the United States District Court for the Eastern District of New York (Levy, M.J.), which awarded JOW $86,234.62 in damages plus $25,643.58 in interest on its breach of contract claim. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, and summarize them only briefly in this order.

Carolina issued a construction bond for a project on which JOW was a subcontractor. In the wake of the failure of the general contractor to pay JOW, Carolina paid on its bond. In this diversity action, JOW and Carolina contest unfair charges. The parties consented to a trial before Magistrate Judge Levy who presided over a bench trial on July 20, 2009. By Memorandum and Order dated January 29, 2010, Judge Levy found in favor of JOW in the total amount of $111,878.20 (damages of $86,234.62 plus prejudgment interest of $25,643.58). The district court declined to award attorneys' fees to either party. Both parties timely appealed.

We review a district court's findings of fact for clear error. See Olin Corp. v. Ins. Co. of N. Am., 221 F.3d 307, 320 (2d Cir. 2000). The question of "the amount of recoverable damages is a question of fact," that we review for clear error. Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 261 (2d Cir. 2002) (quotation marks omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); accord Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985) ("If the district court's account of the evidence is plausible in

light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.  Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").  We review a district court's decision to deny attorneys' fees for abuse of discretion.  Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 225 (2d Cir. 2009).

Each party invites this Court to review the district court's factual determinations de novo.  Citing relatively few cases and relying on selected portions of the trial testimony, the parties have engaged in nothing more than reargument and have failed to demonstrate that any of the district court's factual findings were clearly erroneous.  The evidence identified by Carolina and JOW does not leave us with the "definite and firm conviction that a mistake has been committed."  United States Gypsum Co., 333 U.S. at 395.  In addition, we find that the district court did not abuse its discretion in denying the award of attorneys' fees since neither JOW's claims nor Carolina's affirmative defenses were frivolous.  See Panetta v. Crowley, 460 F.3d 388, 399 (2d Cir. 2006).  Accordingly, we affirm the district court's judgment.

Finding no merit in JOW's or Carolina's remaining arguments, we hereby **AFFIRM** the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3